# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARK BIBLER,

        Petitioner,                                   Case Number: 07-CV-14172

v.                                                      HON. GEORGE CARAM STEEH

DEBRA SCUTT,

        Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Mark Bibler, a state inmate currently incarcerated at the Parnall Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for preparation to burn property over $20,000. Respondent has filed a Motion to Dismiss for Failure to Comply With the Statute of Limitations. The Court finds that the petition was not timely filed and grants the motion.

**I.**

Following a jury trial in Jackson County Circuit Court, Petitioner was convicted of preparation to burn property over $20,000. On May 24, 2001, he was sentenced as a fourth habitual offender to ten to twenty years' imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed Petitioner's conviction, *People v. Bibler*, No. 234683 (Mich. Ct. App. Sept. 25, 2003), and denied Petitioner's motion for reconsideration. *People v. Bibler*, No. 234683 (Mich. Ct. App. Nov. 25, 2003).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court.  The Michigan Supreme Court denied leave to appeal.  *People v. Bibler*, 470 Mich. 867 (May 28, 2004).

Petitioner filed a motion for relief from judgment on October 18, 2004.  The trial court denied the motion.  *People v. Bibler,* No. 00-006018 (Jackson County Circuit Court Dec. 2, 2004).  He then filed an application for leave to appeal in the Michigan Court of Appeals, which was denied on August 16, 2005.  *People v. Bibler*, No. 260649 (Mich. Ct. App. Aug. 16, 2005).  Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, which was denied on April 28, 2006.  *People v. Bibler*, 474 Mich. 1124 (2006).

On July 11, 2006, Petitioner filed a motion for resentencing in the trial court.  The trial court held that it was an improper successive motion for relief from judgment and denied the motion.  *People v. Bibler*, No. 00-006018 (Jackson County Circuit Court Aug. 17, 2006).  Petitioner filed an application for leave to appeal in the Michigan Court of Appeals.  The Michigan Court of Appeals dismissed the application as barred by Mich. Ct. Rule 6.502(G)(1), *People v.  Bibler*, No. 272797 (Mich. Ct. App. Sept. 15, 2006), and denied Petitioner's subsequent motion for reconsideration.  *People v. Bibler*, No. 272797 (Mich. Ct. App. Oct. 25, 2006).  The Michigan Supreme Court denied Petitioner's application for leave to appeal, holding that the appeal was barred by Michigan Court Rule 6.502(G)(1), *People v. Bibler*, 477 Mich. 1111 (Mich. Apr. 24, 2007), and denied a subsequent motion for reconsideration.  *People v. Bibler*, 478 Mich. 932 (Mich. June 26, 2007).

On October 1, 2007, Petitioner filed the pending petition for a writ of habeas corpus.  Respondent has filed a Motion to Dismiss, arguing that the petition is untimely.  Petitioner has

2

filed a reply to the motion to dismiss.

## II.

Respondent argues that the petition should be dismissed because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions.

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In this case, Petitioner's time for filing a petition for a writ of certiorari in the United States Supreme Court began to run on May 29, 2004, the day after the Michigan Supreme Court denied leave to appeal his conviction. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing Supreme Court Rule 30 which states that in calculating the ninety-day window for filing a petition for writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included"). The ninety-day period during which Petitioner could petition for a writ of certiorari concluded on August 26, 2004. The last day on which a petitioner

can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on August 27, 2004. Petitioner filed a motion for relief from judgment in the trial court on October 18, 2004. That motion, a properly filed motion for collateral review, tolled the limitations period, after 53 days had elapsed.

The trial court denied Petitioner's motion for relief from judgment. Petitioner appealed the denial to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on April 28, 2006. *People v. Bibler*, 474 Mich. 1124 (Mich. Apr. 28, 2006). The limitations period resumed running on April 29, 2006. The limitations period continued to run, uninterrupted, until it expired on March 6, 2007.

Petitioner argues that the filing of a motion for resentencing in the trial court on July 11, 2006, tolled the limitations period. This motion, however, was not properly filed for purposes of 28 U.S.C. § 2244(d)(2) because the state court deemed it a successive motion for relief from judgment. Under Michigan Court Rule 6.502(G), unless there has been a retroactive change in the law, "one and only one motion for relief from judgment may be filed with regard to a conviction." Mich. Ct. R. 6.502(G). If a state application is not properly filed, it does not toll the limitations period. *Artuz v. Bennett*, 531 U.S. 4, 9 (2000). Petitioner's motion for resentencing, which the state courts construed as a successive motion for relief from judgment, was not properly filed and, therefore, did not toll the limitations period. *Accord Raines v. Berghuis*, No. 07-10605, 2008 WL 2157049 (E.D. Mich. May 22, 2008).

Petitioner has failed to allege any circumstances which would warrant equitable tolling of the limitations period. Accordingly, Petitioner's application for a writ of habeas corpus is barred

4

by the one-year statute of limitations.

## III.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). The Court concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## IV.

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period, and that equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that Respondent's Motion to Dismiss is **GRANTED**

and the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**Dated:  January 20, 2009**

**S/George Caram Steeh**
**GEORGE CARAM STEEH**
**UNITED STATES DISTRICT JUDGE**

**CERTIFICATE OF SERVICE**

**Copies of this Order were served upon attorneys of record on January 20, 2009, by electronic and/or ordinary mail.**

**S/Josephine Chaffee**
**Deputy Clerk**